AO 91 (Rev. 5/85) Criminal ComplaintAUSA John C. McMillan/ TFO Richard Silva

# United States District Court

__SOUTHERN__ DISTRICT OF __FLORIDA__

FILED by _____ D.C.
JUL 29 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES OF AMERICA

v.

CHRISTINA FARLEY,

## MATERIAL WITNESS COMPLAINT

CASE NUMBER: 13-8353-DLB

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __July 25, 2013__ in __Palm Beach__ county, in the __Southern__ District of __Florida__ defendant(s)

(Track Statutory Language of Offense)

became a material witness to violations of Title 18, United States Code, Sections 922(g)(1), 924(c), and Title 21, United States Code, Section 841 in (United States v. John Doe, Case No. FGJ 13-02). It is impracticable to secure the presence of said witness by subpoena.

in violation of Title __18__ United States Code, Section(s) __3144(Material Witness)__.

I further state that I am a(n) __Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives__ and that this complaint is based on the following facts:

Please see attached Affidavit.

Continued on the attached sheet and made a part hereof:☒ Yes☐ No

_____
Signature of Complainant
TFO RICHARD SILVA
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and subscribed in my presence, upon my finding of probable cause.

July 29, 2013
Date

atWest Palm Beach, Florida
City and State

DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

# AFFIDAVIT
## Case No. 13-8353-DLB

Your affiant, RICHARD SILVA, first being duly sworn, does hereby depose and state as follows:

1. Your affiant has been employed by the Palm Beach County Sheriff's Office since 2004. Since January 2011, your affiant has been assigned as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). In my capacity as a TFO with ATF, your affiant's responsibilities include the investigation and enforcement of violations of federal law, including violations of the Gun Control Act (Title 8, United States Code, Chapter 44).

2. This affidavit is based on your affiant's own personal knowledge, and on information related to me by other law enforcement personal with personal knowledge of the events described herein.

3. Your affiant is aware that in July, 2013, a federal grand jury investigation was being conducted before Federal Grand Jury 13-02, which is empaneled in West Palm Beach, Palm Beach County, Southern District of Florida, concerning an individual who your affiant shall refer to as "JOHN DOE" herein, for the offenses of Possession of a Firearm by a Convicted Felon, Possession of a Firearm in Furtherance of Drug Trafficking Activity, and Possession With intent to Distribute Controlled Substances, in violation of Title 18, United States Code, Sections 922(g)(1), 924(c), and Title 21, United States Code, Section 841, respectively.

4. On the basis of my review of police reports concerning an incident which occurred on July 9, 2013, in West Palm Beach, Palm Beach County, Southern District of Florida, your affiant conducted a personal interview of CHRISTINA FARLEY (hereinafter "the MATERIAL WITNESS") on July 15, 2013. In the course of that interview, the MATERIAL WITNESS

evidenced personal knowledge directly implicating "JOHN DOE" in the commission of the aforementioned criminal offenses, and suggesting that the MATERIAL WITNESS was in possession of personal knowledge of JOHN DOE's commission of those same offenses on dates other than July 9, 2013. The information related to your affiant included the fact that the MATERIAL WITNESS had personally received crack cocaine from JOHN DOE on July 9, 2013, and that her relationship with JOHN DOE pre-existed July 9, 2013.

5. On July 23, 2013, your affiant met with the MATERIAL WITNESS again at a prearranged location in Palm Beach County, Florida, for the purpose of delivering a Federal Grand Jury Subpoena commanding the appearance of the MATERIAL WITNESS before the Grand Jury on Thursday, July 25, 2013, at 10:00 a.m. Your affiant personally served said Grand Jury Subpoena upon the MATERIAL WITNESS, and confirmed with the MATERIAL WITNESS that her appearance was required. The MATERIAL WITNESS acknowledged she understood. The foregoing was witnessed by PBSO Detective Terrina Shahid. Detective Shahid further volunteered to transport the MATERIAL WITNESS to the grand jury for her appearance.

6. On Thursday, July 25, 2013, your affiant was on duty <u>outside</u> the Grand Jury from 9:00 a.m., through the end of the Grand Jury's session that day at approximately 11:30 a.m., during which time the MATERIAL WITNESS failed to appear. Your affiant was advised by Detective Shahid that at approximately 8:50 a.m., that morning (July 25, 2013), she received a phone call from the MATERIAL WITNESS via cell phone, at which time the MATERIAL WITNESS advised she would meet Detective Shahid at the same prearranged location at which the MATERIAL WITNESS had received the Federal Grand Jury subpoena. Detective Shahid provided the MATERIAL WITNESS of a description of Detective Shahid's unmarked police car. Detective Shahid advised

she waited untitl 10:00 a.m., at the prearranged pickup location, but that the MATERIAL WITNESS did not appear. Detective Shadhid attempted to call the MATERIAL WITNESS several times but her calls went unanswered. Your affiant also attempted to telephone the MATERIAL WITNESS at approximately 10:06 a.m., but his call was similarly not answered.

7. At approximately 12:08 a.m., July 25, 2013, after Federal Grand Jury 13-02 had concluded its session for the day, your affiant reached the MATERIAL WITNESS via cellular telephone. The MATERIAL WITNESS advised she was busy earlier that morning and could not meet with Detective Shadhid. Your affiant asked to meet with the MATERIAL WITNESS and she advised she was busy at the present time, but assured your affiant she would contact him within an hour. As of the time of submission of this affidavit, the MATERIAL WITNESS has not called your affiant.

8. In view of the foregoing, your affiant respectfully submits that: (a) the MATERIAL WITNESS is now and remains capable of and in possession of testimony which is material to a criminal proceeding, to wit, the ongoing investigation of JOHN DOE before Federal Grand Jury 13-02; and, (b) the MATERIAL WITNESS knowingly and willfully failed to appear as directed previously before the Grand Jury. As a consequence, your affiant submits that the MATERIAL WITNESS has demonstrated that it is now impracticable to secure her presence by subpoena, and your affiant therefore respectfully requests this Honorable Court to issue a Material Witness arrest warrant pursuant to the provisions of Title 18, United States Code, Section 3144, so as to secure her

presence before the next available session of Federal Grand Jury 13-02, to provide evidence and testimony.

FURTHER YOUR AFFIANT SAITH NAUGHT

Richard Silva
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

SWORN TO AND SUBSCRIBED BEFORE ME THIS 29TH DAY OF JULY, 2013, AT WEST PALM BEACH, FLORIDA.

DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   13-8353-DLB

UNITED STATES OF AMERICA

vs.

CHRISTINA FARLEY,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   _____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   _____ Yes   __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN, JR.
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
John.McMillan@usdoj.gov